IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**BARBARA G. NOAH,**  6:15-CV-01803-BR

      **Plaintiff,** OPINION AND ORDER

v.

**CAROLYN W. COLVIN, Acting Commissioner, Social Security Administration,**

      **Defendant.**

**TIM WILBORN**
Wilborn Law Office, P.C.
P.O. Box 370578
Las Vegas, NV 89137
(702) 240-0184

      Attorneys for Plaintiff

**BILLY J. WILLIAMS**
United States Attorney
**JANICE E. HEBERT**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003

1 - OPINION AND ORDER

**DAVID MORADO**
Regional Chief Counsel
**THOMAS M. ELSBERRY**
Special Assistant United States Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900, M/S 221A
Seattle, WA 98104
(206) 615-2531

       Attorneys for Defendant

**BROWN, Judge.**

      Plaintiff Barbara G. Noah seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) in which she denied Plaintiff's applications for Disability Insurance Benefits (DIB) under Title II of the Social Security Act and Supplemental Security Income (SSI) under Title XVI of the Social Security Act.  This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

      For the reasons that follow, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

<u>**ADMINISTRATIVE HISTORY**</u>

      Plaintiff protectively filed her applications for SSI and DIB on February 29, 2012, and alleged a disability onset date of April 1, 2010.  Tr. 203-11, 212-13.[1]  The applications were

---

    [1] Citations to the official transcript of record filed by the Commissioner on January 27, 2016, are referred to as "Tr."

2 - OPINION AND ORDER

denied initially and on reconsideration.  An Administrative Law Judge (ALJ) held a hearing on November 14, 2013.  Tr. 53-86.  At the hearing Plaintiff was represented by attorney David Tilton.  Tr. 53.  The ALJ heard testimony from Plaintiff and vocational expert (VE) Kay Wise.  *Id.*

The ALJ issued a decision on April 17, 2014, in which she found Plaintiff is not disabled and, therefore, is not entitled to benefits.  Tr. 28-38.  Pursuant to 20 C.F.R. § 404.984(d), that decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review.  *See* Tr. 1-4.  *Sims v. Apfel*, 530 U.S. 103, 106-07 (2000).  Plaintiff appealed the decision of the Commissioner to this Court.

## BACKGROUND

Plaintiff was born in April, 1970.  Tr. 203.  She was 44 years old at the time of the hearing.  Tr. 203.  Plaintiff speaks English and dropped out of school in the eleventh grade.  Tr. 58.  Plaintiff has past relevant work experience as a tree-service groundsman, dryer tender, bartender, production worker, and receptionist.  Tr. 36, 276.

Plaintiff alleges disability due to degenerative disc disease of the lumbar and cervical spine, fibromyalgia, and a history of collagenous colitis.  Tr. 275.

Except when noted, Plaintiff does not challenge the ALJ's

3 - OPINION AND ORDER

summary of the medical evidence. After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence. *See* Tr. 31-36.

## **STANDARDS**

The initial burden of proof rests on the claimant to establish disability. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). To meet this burden, a claimant must demonstrate her inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence. *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). *See also Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012). Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Molina*, 674 F.3d. at 1110-11

(quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)).  It is more than a mere scintilla [of evidence] but less than a preponderance.  *Id.* (citing *Valentine*, 574 F.3d at 690).

The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence, and resolving ambiguities.  *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009).  The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision.  *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008).  Even when the evidence is susceptible to more than one rational interpretation, the court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record.  *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012). The court may not substitute its judgment for that of the Commissioner.  *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

### I.   The Regulatory Sequential Evaluation

At Step One the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity.  20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I).  *See also Keyser v. Comm'r of Soc. Sec.*, 648 F.3d 721, 724 (9th Cir.

5 - OPINION AND ORDER

2011).

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii), 416.920(a)(4)(ii). *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). *See also Keyser*, 648 F.3d at 724. The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, she must assess the claimant's residual functional capacity (RFC). The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite her limitations. 20 C.F.R. §§ 404.1520(e), 416.920(e). *See also* Social Security Ruling (SSR) 96-8p. "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule." SSR 96-8p, at *1. In other words, the Social Security Act does not require complete incapacity to be disabled. *Taylor v. Comm'r of Soc.*

*Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work she has done in the past.  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  *See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, she must determine whether the claimant is able to do any other work that exists in the national economy.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  *See also Keyser*, 648 F.3d at 724-25.  Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform.  *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).  The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2.  If the Commissioner meets this burden, the claimant is not disabled.  20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

## **ALJ'S FINDINGS**

At Step One the ALJ found Plaintiff has not engaged in substantial gainful activity since her alleged onset date of April 1, 2010.  Tr. 30.

7 - OPINION AND ORDER

At Step Two the ALJ found Plaintiff has the severe impairments of degenerative disc disease of the cervical and lumbar spine, fibromyalgia, a history of collagenous colitis, anxiety, hypertension, hypothyroidism, hyperlipidemia, asthma, somatoform disorder, and cannabis dependence.  Tr. 31.

At Step Three the ALJ concluded Plaintiff's impairments medically equal the criteria for Listed Impairments under §§ 1.04, 3.03, and 5.06, 20 C.F.R. part 404, subpart P, appendix 1.  Tr. 31.  The ALJ found Plaintiff has the RFC to perform light work with the following limitations:  She can perform tasks that involve no more than four hours of sitting and no more than four hours of standing/walking in an eight-hour workday with normal breaks; she must be allowed to change positions as necessary to mitigate discomfort while remaining on task; she must avoid tasks requiring ambulation over uneven surfaces; she can occasionally climb stairs and ramps, but she must avoid climbing ladders, ropes, or scaffolds; she can occasionally stoop, kneel, crouch, and crawl; she must avoid exposure to workplace hazards such as unprotected heights and dangerous machinery; she can understand, remember, and carry out no more than simple instructions that can be learned within 30 days; she must avoid exposure to dust, fumes, gases, or other respiratory irritants in concentrations greater than those ordinarily found in a normal office environment; she can engage in occasional overhead reaching

8 - OPINION AND ORDER

bilaterally, but she must avoid sustained overhead work; and she can tolerate no more than occasional contact with co-workers, supervisors, or the public.  Tr. 33.

At Step Four the ALJ concluded Plaintiff was not capable of performing any of her past relevant work.  Tr. 36.

At Step Five the ALJ found Plaintiff has the RFC to work in jobs that exist in the national economy, including office helper, paper-goods inserter, and stock checker.  Tr. 37.  The ALJ, therefore, concluded Plaintiff is not disabled.  Tr. 38.

## DISCUSSION

Plaintiff contends the ALJ erred when she (1) failed to find at Step Three that Plaintiff's impairments met or equalled Listing 12.07, (2) rejected Plaintiff's subjective symptom testimony, and (3) rejected the lay-witness testimony.

**I. The ALJ did not err when she found Plaintiff's impairments did not meet or equal Listing 12.07.**

Plaintiff contends the ALJ erred at Step Three because she failed to find that Plaintiff meets Listing 12.07 for Somatoform Disorders.  At Step Three of the sequential evaluation the ALJ considers whether a claimant's impairment or combination of impairments meets or equals a Listing that presumptively demonstrates disability.  20 C.F.R. §§ 404.1520(d), 416.920(d).  For every major body system the Listings describe impairments

9 - OPINION AND ORDER

that are severe enough to be *per se* disabling. *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999). Listing 12.07 requires a claimant to establish the following:

> Somatoform disorders: Physical symptoms for which there are no demonstrable organic findings or known physiological mechanisms. The required level of severity for these disorders is met when the requirements in both A and B are satisfied.
>
> A. Medically documented by evidence of one of the following:
>
> 1. A history of multiple physical symptoms of several years duration, beginning before age 30, that have caused the individual to take medicine frequently, see a physician often an altered life patterns significantly; or
> 2. Persistent non-organic disturbance of one of the following:
> a. Vision; or
> b. Speech; or
> c. Hearing; or
> d. Use of a limb; or
> e. Movement and its control (e.g., coordination disturbance, psychogenic seizures, akinesia, diskineasia; or
> f. Sensation (e.g., diminished or heightened).
> 3. Unrealistic interpretation of physical signs or sensations associated with the preoccupation or belief that one has a serious disease or injury;
>
> AND
>
> B. Resulting in at least two of the following:
> 1. Marked restriction of activities of daily living; or
> 2. Marked difficulties in maintaining social functioning; or
> 3. Marked difficulties in maintaining concentration, persistence, or pace; or
> 4. Repeated episodes of decompensation, each of extended duration.

20 C.F.R., Part 404, Subpart P, App'x 1, § 12.07.

The ALJ is not required to explore the issue of equivalency

10 - OPINION AND ORDER

to a Listing unless the claimant affirmatively asserts equivalency.  *Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005).  Here the ALJ discussed Listing 12.07 and found Plaintiff does not meet the criteria to establish that she is *per se* disabled under that Listing.  Tr. 31.

Moreover, at the hearing Plaintiff did not present a theory of equivalency in an effort to establish equivalency with Listing 12.07.  Tr. 55-86.

Plaintiff contends she meets Listing 12.07 and cites medical evidence provided by Douglas Crane, M.D.; Gail Wahl, Ph.D.; and Donald Yang, M.D., to support her position.  Tr. 525, 896, 963.  Plaintiff, however, has not alleged specific error in the ALJ's evaluation of the medical evidence and, therefore, has waived any such argument.  In addition, Plaintiff did not present any evidence that specific symptoms required to meet the Listing began before age 30 (which was in 2000) and, therefore, has not satisfied Listing 12.07A(1).  Tr. 36.  Similarly, Plaintiff has not presented evidence of persistent nonorganic disturbance of any of the six categories listed under Listing 12.07A(2).  Finally, Plaintiff does not satisfy any of the Listing 12.07A(3) categories because she did not allege she has an "unrealistic interpretation of physical signs or sensations associated with the preoccupation or belief that she has a serious disease or injury."  Thus, Plaintiff has not met her burden to prove that

11 - OPINION AND ORDER

her impairments meet or equal Listing 12.07, and, therefore, the Court concludes the ALJ did not err when she found Plaintiff did not meet or equal any of the "A criteria" for Listing 12.07.

Even if Plaintiff were correct that the evidence establishes she meets or equals one of the "A criteria" for Listing 12.07, she has failed to satisfy the "B criteria." The ALJ reasonably found Plaintiff did not have marked restrictions in at least two areas and had not experienced episodes of decompensation of extended duration. Tr. 31-33. Plaintiff maintains the medical evidence establishes her impairments result in at least two "marked" limitations that satisfy the B criteria, including a marked limitation in maintaining concentration, persistence, and pace and in performing activities of daily living. Plaintiff, however, merely presents an alternative interpretation of the evidence without legal support. Because the ALJ's assessment of the medical evidence was reasonable, her Step Three findings must be upheld. *Ludwig*, 681 F.3d at 1051 (even when the evidence is susceptible to more than one rational interpretation, the court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record).

In summary, the ALJ properly considered the relevant listings at Step Three in light of the credible medical evidence in the record, and the ALJ's findings were free of legal error.

12 - OPINION AND ORDER

**II.  The ALJ provided clear and convincing reasons for rejecting Plaintiff's testimony.**

Plaintiff contends the ALJ erred when she failed to give clear and convincing reasons for rejecting Plaintiff's testimony.

In *Cotton v. Bowen* the Ninth Circuit established two requirements for a claimant to present credible symptom testimony:  The claimant must produce objective medical evidence of an impairment or impairments, and she must show the impairment or combination of impairments could reasonably be expected to produce some degree of symptom.  *Cotton*, 799 F.2d 1403, 1407 (9th Cir. 1986).  The claimant, however, need not produce objective medical evidence of the actual symptoms or their severity.  *Smolen*, 80 F.3d at 1284.

If the claimant satisfies the above test and there is not any affirmative evidence of malingering, the ALJ can only reject the claimant's pain testimony if the ALJ provides clear and convincing reasons for doing so.  *Parra v. Astrue,* 481 F.3d 742, 750 (9th Cir. 2007)(citing *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)).  General assertions that the claimant's testimony is not credible are insufficient.  *Id*.  The ALJ must identify "what testimony is not credible and what evidence undermines the claimant's complaints."  *Id*. (quoting *Lester*, 81 F.3d at 834).

At the hearing Plaintiff testified she was unable to sit or stand for longer than between 20 minutes and an hour at a time,

13 - OPINION AND ORDER

and she stated she often suffers vomiting and diarrhea.  Tr. 64.

Plaintiff testified she experiences joint pain and constant nausea, which interfere with her concentration.  Tr. 64.  She stated she is able to perform some basic household chores and to provide emotional support to her 17-year-old son, who suffers from mental illnesses.  Tr. 66-67.  She suffers from symptoms of porphyria, including abdominal pain, but IV infusions have helped manage her symptoms.  Tr. 68.  Plaintiff estimated she could walk half a block and lift about 10 pounds, but she loses her grip if she tries to use her hands for long periods.  Tr. 71-72.  She estimated she vomits about five times on an average day.  Tr. 77.

The ALJ rejected Plaintiff's testimony as to the nature and extent of her limitations.  Tr. 34.  The ALJ found Plaintiff's testimony was contradicted by her activities of daily living and that her complaints were not substantiated by the objective medical evidence.  Tr. 36.

The ALJ may discount a claimant's subjective symptom allegations when they are undermined by activities such as attending to the needs of children.  *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).  Here the ALJ noted Plaintiff was a single mother of a child diagnosed with significant mental-health problems, including bipolar disorder and schizophrenia.  Tr. 36.  At the hearing Plaintiff testified she "spends all her time caring for [her son]" because she does not feel comfortable

leaving her son alone at home.  Tr. 36, 67.  Based on the level of care required by her teenage son, the Court finds it was reasonable for the ALJ to infer that Plaintiff was less limited by her symptoms than she alleged.  *Rollins*, 261 F.3d at 857.

Lack of substantiating medical evidence may also provide weight to an ALJ's credibility determination of a Plaintiff's testimony when other legally sufficient reasons are present, such as the ALJ's finding that the claimant's activities of daily living conflict with Plaintiff's alleged symptoms.  *Stubbs-Danielson v. Astrue,* 539 F.3d 1169, 1175 (9th Cir. 2008).  Here, despite her complaints of gastrointestinal distress, Plaintiff presented "[n]o acute distress" on examination.  Tr. 35, 976.  There also was not any evidence of dental problems indicative of acid erosion from chronic vomiting, and radiological and laboratory evidence did not identify any significant gastrointestinal abnormalities.  Tr. 35, 906-18.  In addition, medical imaging studies obtained in June of 2012 documented only "minor" nerve impingement at L5-S1 that was "not significant enough" to warrant surgical intervention.  Tr. 35, 537.  Radiological evidence also failed to show signs of progressive lumbar degeneration.  Tr. 35, 537.  An imaging study performed in July 2013 revealed only "mild" loss of disc space height at L5-S1, but "the remainder of the lumbosacral spine has relatively good preservation of disc space height," which indicates a more

mild condition than Plaintiff alleged.  Tr. 35, 880.

On this record the Court concludes the ALJ reasonably found Plaintiff's allegations were unsupported by the medical evidence, and this added further support to the ALJ's rejection of Plaintiff's testimony.  *Stubbs-Danielson,* 539 F.3d at 1175.

Plaintiff, nevertheless, challenges the ALJ's conclusion regarding her testimony and presents an alternative interpretation of the evidence.  For example, Plaintiff contends she could miss up to four days of work per month due to her IV infusions, but she also testified at the hearing that she stopped getting infusions because she was feeling better and because her veins were "blowing."  Tr. 65-66, 69.  In any event, Plaintiff's interpretation of the record is not significant because the ALJ's conclusions were rational and, therefore, must be upheld.  *See Ludwig*, 681 F.3d at 1051 (when the evidence is susceptible to more than one rational interpretation, the Commissioner's findings must be upheld when reasonable).

On this record the Court concludes the ALJ provided clear and convincing reasons supported by substantial evidence in the record for finding Plaintiff's testimony was not entirely credible as to the intensity, persistence, and limiting effects of her conditions.  The Court, therefore, concludes the ALJ did not err when she rejected Plaintiff's testimony.

16 - OPINION AND ORDER

**III. The ALJ did not err when she rejected the lay-witness testimony.**

Plaintiff contends the ALJ erred when she rejected the lay-witness testimony of Michelle Dieke, Plaintiff's friend.

The ALJ must provide "germane reasons" for rejecting the testimony of lay witnesses, but need not "clearly link [her] determination to those reasons." *Lewis v. Apfel*, 236 F.3d 503, 511-12 (9th Cir. 2001). *See also Molina*, 674 F.3d at 1114.

Dieke completed a questionnaire describing Plaintiff's limitations. Tr. 284-91. She opined Plaintiff cannot sit, stand, or walk for long periods of time or do any multitasking without needing breaks to lie down. Tr. 284. She stated Plaintiff needs reminders to take medications, has low energy, can only drive for short distances, and often wakes up because of her pain. Tr. 285-87. Dieke also confirmed Plaintiff's allegations that she was limited in lifting, squatting, bending, standing, reaching, walking, sitting, kneeling, talking, hearing, climbing stairs, seeing, completing tasks, concentrating, understanding, following instructions, and using her hands. Dieke also stated Plaintiff has difficulty handling stress, and her cognitive function and reaction time are adversely affected by her medications. Tr. 290.

The ALJ rejected Dieke's testimony because it closely mirrored Plaintiff's statements, which the ALJ properly rejected. When the ALJ properly rejects a claimant's statements, those same

17 - OPINION AND ORDER

reasons apply with equal force to the similar statements of a lay witness. The ALJ, therefore, provided germane reasons for rejecting the lay-witness testimony. See *Lewis*, 236 F.3d at 511-12.

## CONCLUSION

For these reasons, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

IT IS SO ORDERED.

DATED this 13th day of September, 2016.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge